**Kulwant Singh KALER, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73203.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 9, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Rohit K. Dharwadkar, Rai and Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Michael T. Dougherty, Office of Immigration Litigation, Department of Justice, Washington, DC, for Respondent.

Before: WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

## MEMORANDUM **

Kulwant Singh Kaler, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (Board) order affirming an immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Because the Board affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Falcon Car-*

** This disposition is not appropriate for publication and may not be cited to or by the

*riche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review an adverse credibility finding for substantial evidence and will reverse only if the evidence compels such a result. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999). We deny the petition for review.

Substantial evidence supported the IJ's adverse credibility determination because Kaler failed to provide the IJ with specific details of his political activities or the importance of "black days" in Sikh history, although he testified to having been an active member of the Akali Dahl Man (ADM) party who had recruited other Sikhs to attend ADM rallies commemorating the "black days." *See id.* at 1153 (concluding that an applicant's testimony was not credible given its lack of specificity). The "implausibility of [Singh's] being so actively involved" in politics is a valid ground for finding him incredible. *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004). Thus, whether or not the IJ's other stated reasons for disbelieving Singh were valid, substantial evidence supports the adverse credibility determination. Although some of the factors the IJ relied upon are either unsupported or irrelevant, "[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the applicant's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

Because Kaler failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Kaler also failed to establish eligibility for relief under CAT because he did not show that it was "more likely than not" that he would be tortured if returned to India.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.